{¶ 39} I concur in judgment only with the majority and write separately to clarify my position on that portion of the majority opinion that concludes the jury's verdict finding appellant guilty of drug trafficking and possession (Counts 9 and 10) was against the manifest weight of the evidence.
 {¶ 40} Under Peoples' fourth assignment of error, the majority, by construing conflicting testimony against the state, would overturn the unanimous jury verdict, finding Peoples guilty of Possession of Cocaine, in violation of R.C. 2925.11(A) (Count Nine), and Trafficking in Cocaine, in violation of R.C. 2925.03(A)(2) (Count Ten). Contrary to the majority's conclusion, the jury did not "lose its way" in finding Peoples guilty of these charges.
 {¶ 41} In order to find Peoples guilty of Possession, the jury had to find that he "knowingly obtain[ed], possessed], or use[d] a controlled substance." R.C. 2925.11(A). In order to find Peoples guilty of Trafficking, the jury had to find that he "knowingly * * * *Page 12 
[p]repare[d] for shipment, ship[ped], transport[ed], delivered], prepare[d] for distribution, or distribute[d] a controlled substance," when Peoples knew "that the controlled substance is intended for sale or resale." R.C. 2925.03(A)(2).
 {¶ 42} The key element in Peoples' convictions is "possession," which is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing of substance is found." R.C. 2925.01 (K). Possession may be actual or constructive. State v. Wolery (1976), 46 Ohio St.2d 316, 329. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." State v. Hankerson (1982),70 Ohio St.2d 87, at syllabus. The element of possession may be proven by circumstantial evidence. State v. Young, 9th Dist. No. 22636,2006-Ohio-68, at ¶ 13; State v. Conner, 8th Dist. No. 84073,2005-Ohio-1971, at ¶ 54.
 {¶ 43} In the present case, there is abundant evidence linking Peoples to the Days Inn room number 216 and the drugs and money found therein. On the day of the arrest, Sean Spring testified that he took Peoples, Peoples' girlfriend, and a child to the Days Inn at Willoughby. After dropping the girlfriend and the child off at the hotel, Spring took Peoples to buy groceries which he subsequently helped Peoples carry up to room 216. Inside the room, Spring observed crack cocaine and marijuana divided up in little plastic bags.
 {¶ 44} Spring, a confessed user of crack cocaine, was later found by police at the Owego Street home where Peoples was arrested and confessed to dealing in crack cocaine. Spring directed police to the Days Inn. When the police searched the hotel *Page 13 
room that same evening, they found the girlfriend, the child, and men's clothing matching Peoples' size. This evidence indicates that Peoples' presence at the Days Inn was not merely incidental, but that Peoples was residing at, or at the least, frequenting, the Days Inn.
 {¶ 45} The search of the hotel room also recovered eighteen bags of crack cocaine, a bag of marijuana, and $3,660 in cash. The girlfriend claimed that the money and marijuana were hers, but denied ownership of the crack cocaine. One of the agents of the Lake County Narcotics Agency testified that the crack cocaine found at the Days Inn "was packaged in a similar way," in terms of packaging and quantities, to the crack cocaine found at the Owego Street home. This evidence indicates that Peoples' exerted control over the crack cocaine found at the Days Inn and that the cocaine was prepared for sale. The jury did not lose its way; therefore, the verdict of the jury should not be reversed as against the manifest weight of the evidence.
 {¶ 46} In light of this testimony, Peoples' conviction for Possession and Trafficking does not create a manifest miscarriage of justice. The jury's verdict is properly affirmed. *Page 1